## Shuler *against* Garrison.

In an action on the case against a sheriff for an escape, the measure of damages is the actual loss which the plaintiff has sustained; hence, it is competent for the defendant to prove that the defendant in the execution was insolvent at the time of his escape; but in an action of debt the plaintiff is entitled to recover the amount of his judgment and execution.

ERROR to the Common Pleas of *Perry* county.

This was an action for an escape by John Garrison against Joseph Shuler, sheriff. The plaintiff obtained a judgment against

[Shuler v. Garrison.]

John L. Gallatin for $615, upon which he issued a *capias ad satisfaciendum*, and put into the hands of the defendant Joseph Shuler, then sheriff, who arrested the defendant and took him into his custody, and while there the defendant with security executed an insolvent bond, and he with the sheriff went to the prothonotary to have it approved; he being absent, the sheriff retained the bond and permitted the defendant to go at large. A few days afterwards the sheriff took the bond to one of the associate Judges, who approved it. In pursuance of the bond, Gallatin appeared at the next term, and was regularly discharged as an insolvent.

The plaintiff took the position in the court below, that if the defendant as sheriff arrested Gallatin upon the *capias ad satisfaciendum*, and afterwards permitted him to go at large, before he was discharged by lawful authority, it was a voluntary escape, for which the sheriff was liable; that the measure of damages was the amount of the plaintiff's execution; and that the subsequent approval of the bond by the Judge afforded no defence to the sheriff in this action.

The defendant contended that the approval of the bond by the Judge was conclusive with regard to the efficacy of it, and the time or circumstances under which it was done could not then be the subject of inquiry; and that the plaintiff was only entitled to recover, in any event, the amount of loss he sustained; and if the jury believed that the defendant Gallatin was insolvent, and that the plaintiff's execution would have been ineffectual, then he was only entitled to nominal damages.

The court below ruled all these points for the plaintiff, who recovered a verdict and judgment for the amount of his execution put into the sheriff's hands.

*Alexander*, for plaintiff in error, cited 2 *Term Rep.* 129; 3 *Co. Rep.* 44; 10 *Vin. Ab.* 74, *pl.* 3, 12; 5 *Watts* 144; 1 *Saund.* 38; 2 *Mass.* 528; 7 *Johns.* 192; 3 *Yeates* 21; *Wats. on Shff.* 143; 2 *Bac. Ab.* 525; 2 *Wm. Blac.* 1048; 6 *Johns.* 207; 1 *Chit. Pl.* 140; 2 *Wils.* 328.

*Watts*, for defendant in error, upon referring to 17 *Wend.* 546, where all the cases on this subject are reviewed, came to the conclusion that the judgment was erroneous, on the ground that the measure of damages was the amount of the loss sustained by the plaintiff in this form of action.

PER CURIAM.—The amount to be recovered from the sheriff depends, not on the character of the escape, whether it be negligent or voluntary, but on the form of the action. The statute 1 *Rich.* 2, c. 12, gives an action of debt in which it is expressly enacted that the amount of the judgment shall be recovered: the common law gives an action on the case to recover damages in

[Shuler v. Garrison.]

proportion to the injury sustained, which is the actual loss.   That the amount of the judgment is the measure of compensation in the action of debt, results not only from the words of the statute, but from the nature of the process, which lies only for a definite sum. In this action on the case, then, the court erred in directing, that because the escape was voluntary, the damages should be the amount of the execution.

· Judgment reversed, and a *venire de novo* awarded.