THOMAS PLUMLEIGH, Appellant, *v.* ISAAC COOK, Appellee.

APPEAL FROM COOK.

When in a declaration in an action against a sheriff for an escape, there is a claim for $140 damages, and $191.66 costs; there is no variance, though the evidence shows that the clerk, in his fee-bill, issued with the execution, added twelve and a half cents for the sheriff's return.

Where the foundation of an action is not a record or an instrument in writing, a variance is not material, unless the discrepancy is so great as to afford a strong probability, that it cannot be the record or instrument described.

In this State, an action of debt will lie against a sheriff for an escape on a writ of *capias ad satisfaciendum.*

All statutes in aid of the common law, passed prior to 4 James 1, (except the 2d sect. of the 6th ch. 43 Eliz., the 8th ch. 13 Eliz., and 9th ch. 37 Henry 8,) which are of a general nature, and not local to Great Britain, are in full force in this State.

In this State a party may elect to bring debt or case, against a sheriff for an escape.

THIS was an action of debt for the escape of one Alexander Dawson from the custody of the defendant Cook, while being sheriff of the county of Cook, and was tried before and submitted to H. T. DICKEY, Judge, at the May term, 1851, of the Cook Circuit Court, without the intervention of a jury.

The first count of the declaration set forth, that at the May term of the Cook County Court, 1848, the plaintiff (Plumleigh) recovered a judgment against one Alexander Dawson for $140 damages and $191.66 costs, and that afterwards, and on the 18th day of April, 1849, a *ca. sa.* was issued, and the said Alexander Dawson was arrested thereon on the 10th day of May, 1849, by the defendant Cook, and committed to jail, and was afterwards permitted to go at large by said defendant, Cook, while acting as sheriff of Cook county. The second count averred a different time of escape. There were also three other counts alleging different escapes. The defendant pleaded the general issue, and special pleas as to the several counts of the declaration.

The plaintiff, in the court below, introduced Walter Kimball, the clerk of the court in which the judgment against Dawson was recovered, as a witness to sustain the issue on his part. This witness established the variance discussed in the opinion of the court.

The judgment of the Cook County Court was for the defendant. The plaintiff in the Circuit Court brought the cause to this court by appeal, assigning for error, that there was no material variance between the judgment introduced in evidence, and the declaration, and that the court below erred in excluding the same.

J. N. ARNOLD, for appellant.

JUDD and WILSON, for appellees.

TREAT, C. J. The declaration described a judgment for $140 damages, and $191.66 costs. On the trial, the plaintiff offered in evidence the record of a judgment for $140 damages, and costs of suit to be taxed; also the fee-book in which the costs were taxed at $191.66. At the foot of the fee-bill was this entry; " Sheriff Cook return ex. 12½;" but the amount was not carried to the right-hand side of the page, as was the case with the other items of the bill. The court rejected the evidence, because of a variance between it and the declaration. There was no variance in point of fact. The entry in question formed no part of the fee-bill. It was but a memorandum of the clerk, to be extended and included in the fee-bill when the execution should be returned by the sheriff. But if the item could be considered as embraced in the taxation of costs, the evidence was improperly excluded. It is laid down in Leidig *v.* Rawson, 1 Scamm. 272, and Hull *v.* Blaisdell, Id. 332, that where an instrument of writing, or a record is not the foundation of the action, a variance is not material, unless the discrepancy is so great as to afford a strong probability that it cannot be the instrument or record described. This rule is decisive of the question. The escape was the foundation of the action, the judgment being but inducement. The record produced was evidently the one described in the declaration, and the defendant could not have been surprised by its admission.

It is insisted that an action of debt will not lie against a sheriff, for an escape on a writ of *capias ad satisfaciendum*. At common law the only remedy was by action on the case. But

the statutes of Westminster 2, ch. 11, 13 Ed. 1, and 1 Rich. 2, ch. 12, gave an additional remedy by action of debt. And those statutes being in aid of the common law, are in full force in this State. Our statute adopts not only the common law of England, but also all statutes in aid thereof, passed prior to 4 James 1, (except the 2d sec. of the 6th ch. 43 Eliz., the 8th ch. 13 Eliz., and 9th ch. 37 Henry 8,) which are of a general nature and not local to that kingdom. Rev. St. ch. 62, § 1. Under a similar provision in Indiana, the British statutes giving the remedy by action of debt for an escape, were held to be in force in that State. Gwinn v. Hubbard, 3 Blackf. 14. Similar decisions were made in Shewel v. Fell, 3 Yeates, 17, and Steere v. Field, 2 Mason, 486. A party may elect to bring debt or case. In the action of debt, the plaintiff is entitled to recover the amount of his judgment and costs. In the action on the case, the measure of damages is the actual loss which the plaintiff has sustained. Duncan v. Klinefelter, 5 Watts, 141; Shuler v. Garrison, 5 Watts & Serg. 455.

The judgment is reversed and the cause remanded.

*Judgment reversed.*