## WILLIAM B. HOLLER, FOR USE, ETC.

### v.

## C. T. COLESON ET AL.

*Replevin—Title of Plaintiff—Action on Bond—Exemptions—Schedule— Pleading.*

1.　The plaintiff in a replevin suit can not plead property in another to assist him in the recovery. He must recover, if at all, on the strength of his own title.

2.　In an action on a replevin bond, in case the merits were not tried, the plaintiff, in mitigation of damages, can only plead and prove property in himself. He may plead any qualified title, but it must be in himself.

3.　The schedule and claim of exemption, presented upon a levy under an execution, do not protect the property from the lien of a subsequent execution.

4.　A plea should not contain the evidence of the facts therein averred.

[Opinion filed June 20, 1887.]

APPEAL from the Circuit Court of Woodford County; the Hon. T. M. SHAW, Judge, presiding.

Messrs. EDWARDS & EVANS, for appellant.

Messrs. BURNS & ONG, for appellees.

The plaintiffs being precluded from selling the property under their execution, could sustain no damages, by reason of the non-return of the property, except nominal damages, nor be entitled to more by failure to prosecute the replevin suit to effect and without delay. While the chancery suit and injunction exist, the property is presumed to be in Rosa Coleson, and no right is presumed to exist in favor of the plaintiffs, that they can appropriate to their use, so they are not damaged beyond nominal damages. To question the right of Rosa Coleson and appropriate the property, they must get the writ of injunction and the suit disposed of in chancery. They can enforce no rights against the property while it remains in the custody of the law or in charge of the court. And the injunction, although irregularly obtained, if so, must be discharged and not disobeyed. 2 Daniell's Ch., 4th Ed., p. 683, and cases cited.

A judgment at law obtained in violation of an injunction enjoining the proceeding, is absolutely void. 2 Daniell's Ch., 1674; Kerr's Injunctions in Eq., 638.

It was imperative on the plaintiff in the replevin suit, on being enjoined, to dismiss his suit. Shelton v. Franklin, 68 Ill. 333.

The measure of damages is the amount of actual loss they have sustained. The release of the bond and sureties is effected by seizure of the property on another writ pending the suit, or where it is taken from the officer by order of the court. Calwell v. Ganns, 1 Blake, 578; Ackern v. King, 29 Texas, 291; Mercheval v. Harney, Meigs, 403.

The property is considered in the custody of the law or under the direction of the court when replevied, and when taken subsequently on process of the same court, it excuses a return; it is evidently subject to the process of the court, as is the process itself surely subject to the order of the court of chancery. Hunt v. Robinson, 11 Cal. 262; Wells on Replevin, 254, 255, and cases cited.

*Per Curiam.* This was an action of debt on a replevin

bond by appellant, who was Coroner of the county, and who
accepted the said bond as surety in an action of replevin
against the Sheriff of the county, Andrew Hancock, at the
suit of appellee, C. T. Coleson, against the said Sheriff, the
appellees, O. P. Richard and B. F. Manpin, being sureties on
the said replevin bond.    The condition of the bond was in the
usual form, binding the appellee Coleson to prosecute his suit
with effect and without delay, and to make return of said
property replevied if return thereof should be awarded, and
should save and keep harmless the plaintiff in replevying the
said goods and chattels.    The bond was in the penal sum of
$1,200.    The declaration after setting out the bond declared
for breaches: That in the Circuit Court it was alleged by the
court on the motion of said appellee Coleson that his said
suit be dismissed, and it was also adjudged that the said Han-
cock should have a return of the property, and that Coleson
failed to return the said property, to the appellant's damage
of $1,200.

There was only one plea, the third, interposed as a defense.
The plea answers the entire declaration except as to one count.
The averments are that the merits of the case have not been
tried in the replevin suit; that one Rosa Coleson filed a bill
in equity in the Circuit Court and obtained a writ of injunc-
tion from said court against Hirman K. Coleson, Caleb Cole-
son, the appellee, Charles Fowler and R. C. Irvin, October 16,
1885, restraining each of them from selling under a chattel
mortgage made to them by Hirman K. Coleson for the prop-
erty replevied, and from selling under an execution in favor
of Charles Fowler and R. E. Irvin and against Hirman K.
Coleson, any of said property, or incumbering it, until the
court shall make further order, being the same property
mentioned in the replevin suit, which writ was served on
John Coleson, agent of Caleb Coleson and custodian of the
property for said Caleb, and on said Fowler and Irvin, under
the direction of the parties to this suit, the said Caleb hold-
ing the property under a chattel mortgage thereafter men-
tioned in said plea, and also being held by John Coleson,
under the direction of the said Sheriff of Marshall County

Holler v. Coleson.

aforesaid, who had levied on said property by virtue of said execution of Fowler and Irvin and against said Hirman K. Coleson, and that the bill in chancery was still pending and undetermined; that on September 24, 1885, H. K. Coleson was the owner of the property and entitled to the possession of it, and delivered to Caleb T. Coleson a chattel mortgage on said property to secure $600, due in eighteen months from the date of mortgage; that on the 5th day of September, 1885, said Fowler and Irvin obtained the issuing of an execution against the goods of H. K. Coleson in their favor for the sum of $242 out of the Circuit Court, which the Sheriff received on the same day and levied on certain property of H. K. Coleson in custody of John Coleson, and on the 3d day of October, 1885, sold it for $115 to the plaintiffs in execution, costs paid by them; that on the 9th day of October, 1885, the Sheriff made another levy by virtue of said execution upon certain other of the property of said defendant in the execution; that appellee Caleb T. Coleson claims title to said property last named by virtue of a schedule presented to the Sheriff, claiming the same as exempt, " upon the Sheriff receiving said execution, on or about the 23d of July, 1885, by the said H. K. Coleson, (the affidavit to the schedule is dated August, 1885,) who afterward mortgaged the same to him by virtue of said mortgage, the same H. K. Coleson being the head of a family and entitled to it by virtue of the statute; that the said Caleb took possession under his mortgage and said Fowler and Irvin levied on it and were threatening to sell it on their execution against said H. K. Coleson when the said Caleb replevied it as above alleged.    The replevin suit was sued out on the 16th day of October, 1885, and took said property mentioned in the writ of replevin, and was dismissed at July term, 1886, being the same described in the mortgage to him from H. K. Coleson and claimed by him July 23, 1885, under his schedule as exempt from execution.    Appellee further claims that the said property was by virtue of said injunction writ in the custody of the law, and has remained and still was in the custody of the law, and that all the parties to the replevin suit are inhibited by said injunction from

interfering with said property, and for this reason the said Caleb T. Coleson did not further prosecute said suit and save and keep harmless the said Sheriff, etc., and did not then and there make return of the said property which was beyond his control by reason of the said injunction, etc.

To this plea the appellant interposed a demurrer, assigning, among other causes, that it did not show title to the property in Caleb T. Coleson, or any part thereof. The court over-ruled the demurrer to the third plea, all others being with-drawn, and appellants abiding their demurrer, the court ren-dered judgment on demurrer for appellants, for $1,200 debt, and 1 cent damages, against appellees, from which judgment this appeal is taken.

It is insisted by attorneys for appellees, that by the plea the appellees showed title in the property in Caleb T. Coleson, the plaintiff in the replevin suit. This we think is a misappre-hension. The plea itself violates the rule of pleading that evidence of the fact attempted to be averred, should not be pleaded. The plea undertakes to set out the evidence upon which the plaintiff relied to show title to the property in himself. It showed, however, by the dates, that the schedule presented to the Sheriff by Hirman K. Coleson, claiming his statutory exemptions in property levied on, was presented July 23, 1885, or at farthest, August 18, 1885, the date it was sworn to, long before the execution was issued, under which the property was held at the time the replevin suit was com-menced, and of necessity the property then held by the Sheriff must have been held on a former execution. If such was the case, the schedule and claim of exemption under it was ineffectual to fix the title to the property in question in Hiram K. Coleson. A new schedule and claim of exemption, to have been effectual, should have been made under the exe-cution issued September 5, 1885, held by the Sheriff at the time of replevin. Camp v. Ganley, 6 Ill. App. 500. The mortgage then executed by Hiram K. to Caleb T. Coleson, passed no title to the latter in the property in question, it not being exempt without schedule and claim from the lien of the last execution.

It is also insisted most strongly, that the writ of injunction issued in the suit of Rosa Coleson v. Hiram K. and Caleb T. Coleson, and said Fowler and Irvin, dated and served on the same day the replevin suit was commenced, is a complete excuse in behalf of the appellee, Caleb T., for not returning the property. First, because it showed title in Rosa Coleson to the property in question, and second, that appellant's usees could enforce no right under their execution against the property, while the injunction lasted, and that the property, by virtue of the injunction, was in the custody of the law and in charge of the court. What a party may plead under the laws of this State, in mitigation of damages, is regulated by the statute, which also has received a construction by the Supreme Court.

Sec. 22, Chap. 119, R. S., provides: "If the plaintiff, in an action of replevin, fails to prosecute his suit with effect, or suffers a non-suit or discontinuance, or if the right of the property is adjudged against him, judgment shall be given for the return of the property, and damages for the uses thereof from the time it was taken until a return thereof shall be made, unless the plaintiff, in the meantime, have become entitled to the possession of the property," etc.

Sec. 26, of the same chapter provides: "When the merits of the case have not been determined in the trial of the action in which the bond was given, the defendant in the action on the replevin bond may plead that fact and his title to the property in dispute in said action of replevin."

However other courts in other States may have construed the law as to the rights of the plaintiffs in a replevin suit when sued on the replevin bond, to plead matters in mitigation of damages (and there appears to be no uniformity of holding in this respect), the law in this State is regulated by statute, and the interpretation put upon it by our own Supreme Court. The court in Stevison v. Earnest, 80 Ill. 513, hold this language: "By permitting the suit to be dismissed he lost all right to contest the plaintiff's claim to the property, except as saved to him by the statute which was to plead and prove his title to the property in mitigation of damages." If, after the

commencement of the suit, the plaintiff becomes entitled to the possession of the property before the dismissal, the defendant, by the new clause added to the statute, is not entitled to an order for the return.

If the replevin suit had gone to trial on its merits, the plaintiff would not be entitled to plead property in a party other than himself, to assist him in the recovery, the law being that he must recover, if at all, on the strength of his own title, not on the weakness of his adversaries. On the contrary, the defendant in a replevin suit, as matter of defense, may plead title to the property in a third party unconnected with himself. The law being that on a trial of the issues in a replevin suit that the defendant's title can not be attacked by the plaintiff unless he show property in himself, we see no reason in equity or justice in holding that the plaintiff should be allowed to attack it in a suit against him on the replevin bond, even in mitigation of damages. If a plaintiff, having no title or claim to property, replevy it, he partakes of the character of a wrong-doer for intermeddling with property in the possession of another in which he has no interest. When, by his replevin, he undertakes to show property in himself against the possessor, the statute requires him to give bond to the latter for its return, if he fail to prosecute his suit successfully and without delay. In case he fails to comply with his bond, and a writ of return is awarded, and he fails to return according to the terms of his bond and he is sued for its breach, he has only the right, in case the merits were not tried, to plead and prove property in himself, in mitigation of damages; but it would be a perversion of justice and a violation of the terms of his bond and the spirit and letter of the statute, to allow him to depreciate the damages of the plaintiff in the suit on the replevin bond by showing title in the property to be in another than such plaintiff to the extent of his claim or lien on the property, as in this case the lien of the execution. We have no doubt he may plead any qualified title of his own as well as a general title, but he may not plead such title to be in a third party, as is claimed may be, and was attempted to be done, in this case, by the plea under consideration. In the bill in equity in question,

it was not, as to its parties, a suit between Caleb T. Coleson as complainant and the appellant and his usees as respondents, and no issue was made as between them; nor was the prosecution of appellant's suit on the replevin bond enjoined, or attempted to be, by the writ of injunction, as will be seen by reference to it; nor was appellee, Caleb T. Coleson, restrained in any manner from the delivery of the property in accordance with the judgment of the court rendered in the replevin suit, even if such an excuse could avail him. Having failed to deliver it to the Sheriff, Hancock, who held it under the execution at the time of replevy in pursuance of the order of return, the right of action accrued on the bond to recover not alone nominal damages but the value of the property wrongfully replevied to the extent of the lien of the execution on the basis of perfect title in Hiram K. Coleson, the defendant in the execution. The plea in question presented no defense to appellant's action, either in mitigation of damages or otherwise, and the demurrer therefore should have been sustained by the court below, for the error in not doing which, the judgment of said court will be reversed and the cause remanded.

*Reversed and remanded.*