## Commonwealth, to use, v. Semmel et al.

*R. E. Haas* and *C. T. Reno,* for plaintiff.

*M. H. Philip* and *H. L. Snyder,* for defendants.

HENNINGER, J., June 13, 1938.—Use-plaintiff claims damages through the fault of defendant Palmer A. Semmel, a notary public, and in the name of the Commonwealth of Pennsylvania brought the above action against Semmel and the bondsmen upon his official bond as a notary public. Defendants filed an affidavit of defense raising four questions of law, the first three of which object to joint action against the notary and his bondsmen and the fourth alleging unnamed defects in the statement of claim. Since no defects other than misjoinder are pointed out, we need not consider the fourth point.

The chronology of the acts of assembly affecting notaries public and action upon their bonds is as follows: Act of March 5, 1791, 3 Sm. L. 6, 57 PS §31; Act of June 14, 1836, P. L. 637, 8 PS §111; Act of June 10, 1931, P. L. 480, 57 PS §81.

The Act of 1791 is an act referring especially to notaries public and provides as to their bonds, "and may be sued by any party or parties injured, in like manner, and with the like effect, as bonds given by sheriffs and coroners for the faithful execution of their respective offices." It is admitted that under this act suit could be maintained jointly against the notary and his bondsmen to establish both the principal's default and the bondsmen's liability.

The Act of 1836 applies generally to actions upon official bonds and its language is broad enough to include the bonds of notaries public. It provides for a single joint action against the officer and his bondsmen. It is admitted that it is in force today and has not been expressly repealed.

The Act of 1931 applies to notaries public alone. It supplemented the Act of 1791 and repealed it. It contains most of the provisions relating to the oath and bond in language more or less similar to that of the Act of 1791 but omits the provision for suit upon the bond.

Defendant argues that the omission of the provision for joint suit from the Act of 1931 signifies that the legislature intended that practice to cease, while plaintiff contends that his action is permissible under the Act of 1836, regardless of the Act of 1791, and that his rights under the Act of 1836 were not affected in any way by the elimination of the words from the Act of 1931 or the repeal of the Act of 1791.

That the provision of the Act of 1791 for joint suit was eliminated by repeal is beyond question, and that the words so providing were intentionally eliminated from the Act of 1931 is equally clear. It by no means follows that it was the intention of the legislature that such joint action should be thereafter forbidden.

Fully recognizing the principle of interpretation of statutes giving special significance to a change in or omission of language in a later enactment upon the same subject: Intercoastal Lumber Distributors, Inc., v. Derian et al., 117 Pa. Superior Ct. 246; State Highway Route No. 72, 265 Pa. 369; Rich v. Keyser, 54 Pa. 86; we feel that there is so rational an explanation for the omission that those decisions do not apply.

The language employed in the Act of 1791 fixing the remedy for default upon a notary's bond was clumsy and vague; clumsy because it required a study as to the remedy upon sheriff's bonds, and vague because the legislature might change that method from time to time. The Act of 1836 was understood to apply, inter alia, both to sheriff's bonds: Smith et al. v. Commonwealth, to use, 59 Pa. 320; and to notary's bonds: Commonwealth, to use, v. Reilly et al., 16 D. & C. 311. Legislative enactments are to be expounded as near to the use and reason of the prior law as may be, when this can be done without violation of its obvious meaning: Davidson, Executrix, v. Bright, 267 Pa. 580. Furthermore, where there is an express repealing clause in a statute, all other prior acts or sections thereof must be regarded as still in force under the maxim expressio unius est exclusio alterius: Spector et al. v. Northwestern Fire & Marine Ins. Co., 285 Pa. 464.

We deem it obvious, therefore, that the clause providing for the remedy upon a notary's bond was eliminated from the Act of 1931 because the legislature intended the clear provisions of the Act of 1836 to apply, and not for the purpose of reverting in a roundabout way to a roundabout method contrary to the modern spirit of remedial law. The Act of 1836 is, therefore, still in force and applicable to action upon notary's bonds, and the joinder of defendants in a single action is proper.

Now, June 13, 1938, the questions of law raised by the affidavit of defense are decided against defendants, and

defendants may file a supplemental affidavit of defense within 15 days after service of this order upon their counsel.