Chief Justice Marshall,
delivered tlie opinion, of the Court.
Stennett, as the assignee of Eason, having obtained a judgment against Carter upon a note given in payment for a small drove of horses, Carter filed his bill and obtained an injunction upon the allegation that a fraud had been practised on. him by Eason as to one of the horses which had been sent to the south for sale, and had become blind, &c.; and also on the allegation of a small payment to Eason and two small demands against him, for which credits were claimed on the ground that they accrued before the assignment; that the assignment was ante-dated, and was fraudulently made to hinder and defraud Eason’s creditors, and that Eason was a non-resident and insolvent. A general traverse was filed for Eason, who was proceeded against as a non-resident, and the material allegations of the bill were specifically denied by Stennett in an answer which, though filed with the papers and made the ground of a motion to dissolve the injunction and noticed also in the decree,, was not regularly noted on the record as being filed.
On the hearing of this case, the injunction, was perpetuated as to the sum of $ 15 and dissolved with damages as to the residue of the sum enjoined. And at the succeding term of the Court, Carter filed a hill of review,, which setting up substantially the same matters which. *251 «ad been presented in the original bill, and referring to the proceedings in that bill, prays for a review, &c., on the ground that the exhibits referred to in the original bill and filed therewith to prove the payment, and demands for which credits were claimed, and which were believed to have been on file when the case was heard and to have been used on the trial, were in fact lost, or withdrawn without the fault of the complainant, and were not considered by the Judge in making up the decree, and that this was not discovered by the complainant or his counsel until after the decree was rendered; when the time being near its close, a petition for a re-hearing was not filed because of the press of business, and because the complainant was not apprised of the necessity of such a petition, and the bill prays for an allowance of the credits claimed in the original bill. A second injunction was obtained on this bill; and Eason and Stennett having filed their answers denying the material allegations, and relying on the former decree, and the insufficiency of the grounds alleged for opening it, the Court on the hearing dissolved the injunction without damages, and dismissed the bill with costs. To each of these decrees (which are contained in the same record) Carter prosecutes a separate writ of error, and the defendants file cross-errors in each case.
Tho’ the protif adduced on a bill of review may be such as to authorize the relief prayed for, yet it there are not good grounds shown for filing the bill of review no relief can be granted. The former decree is-a bar.
Taking up the decree on the bill of review, as first to be disposed of, the preliminary question in that case is, whether it presents a sufficient ground for opening and reviewing the former decree. If it does not, then even if the proof made on the bill of review were sufficient to establish the grounds of relief set up in the original bill, it would be of no avail, because the original decree is conclusive between the parties while it remains in force, and must preclude further litigation and adjudication on the same facts, unless cause be made out for opening the decree and renewing the contest. In this preliminary point, the complainant has wholly failed. For, although it appears that the exhibits referred to were with the papers at the hearing, and that their loss *252 was not discovered until after the decree was rendered; and although it were conceded that if they had gone before the Judge as a part of the case,“his decree might and should have been more favorable to the complainant, and that their loss, if not discovered until after the close of the term would have been a sufficient ground for opening'the decree and allowing new proof; still as the loss was in fact discovered before the end of the term and in time for a petition for re-hearing, the whole question would turn upon the sufficiency of the excuse for not filing a petition for re-hearing. The press of business before the .Court, did not prevent the filing of a petition, nor is it shown, or even alleged that the complainant’s counsel was too much engaged to have filed a petition, or made a suggestion, which might have suspended the decree; and the ignorance of the complainant himself of the necessity of taking a particular step in Court, might, if deemed sufficient always furnish a ready excuse for the want of vigilance and attention. And often a sufficient ground for setting aside an unfavorable decree. The stability of decrees and other judicial proceedings, so necessary to the repose and security of society, would be too much weakened by the allowance of such an excuse, as the ground of a bill of review, which, when founded upon an alleged discovery and intended to open the case for new proof upon issues already decided, must show no want of reasonable diligence, either by the party himself, or by his counsel whom he has chosen to represent and act for him. The party himself may not in fact have been apprised of the rendition of the decree until after the expiration of the term, but being represented by counsel in Court, his want of such knowledge is, by itself, entirely unavailing.
‘fho discovery during the terra that a part of the exhibits hadboen lost out of the papers, and that the decree had therefore beea against the party who had filed them, should have been made known by petition for a rehearing, or a request to the Court to suspend the decree to give time to file petition for rehearing. It was no ground for bill of review after the adjournment of Court that the party' himself was ignorant of his rights and duties in the premises.
*252 There is, therefore, no ground for letting in new proof under the bill of review. And as that bill does, not assign any error of law, on the face of the decree, there is no further question in that case, as there was no ground of relief, and the bill was necessarily dismissed. We observe, however, that there does not seem to have *253 been any new proof applicable to the credits claimed on the exhibits referred to in the original bill, except such as is furnished by the answer of Eason to the bill, except such as is furnished by the answer of Eason to the bill of review.. And even if that answer be taken as evidence against Stennett, on the ground of his reference to it, it does not admit that the transactions on which the credits are claimed preceded the assignment, but avers the contrary to be the fact. And, therefore, would not authorize the application of the credits to the demand in-the hands of Stennett, unless the assignment itself was fraudulent as alleged, but which is not satisfactorily established. There was, therefore, .no error in dismissing the bill of review and dissolving the second injunction.
Where an answer has been lodged with the Clerk in proper time and known to complainant, though not formally noted on the record as filed, but treated by the Court and parties as part of the record, this Court will so treat it and give it the same weight as if regularly filed of record.
In the original case, it is assigned for error that the full value of the blind horse should have been allowed as a credit on the judgment; and that the other credits claimed in the bill should have been allowed, because the answer of Stennett, though lodged with the Clerk, had never been filed of record; and the allegation of the bill should, therefore, have been taken for confessed. But when, as in the present case, it sufficiently appears that the answer, though not formally noted of record, has been filed with the papers in proper time, that this was known to the complainant, and that the Court and the parties have treated it as a part of the case, it has been the practice of this Court to regard it in the same light, and to give it the same effect as if it had been regularly filed of record. Then the allegations of the bill were not only denied by this answer of Stennett, which required proof upon every point, but there was also a traverse filed for Eason which put in issue every material allegation adverse to his interest.
Under this state of the pleadings, it is a sufficient answer to the first error assigned, to state that, although the bill alleges that the horse sold for less than the cost of taking him to market, and was of no value, the proof shows that he was sold for considerably more, than alleged, and that $15 allowed as a credit was about com *254 mensúrate with the actual loss. And, as to the other credits claimed, there being neither vouchers nor proof in the record to sustain them, they were properly rejected-. And even if they had been proved, still, as there is no sufficient proof that the assignment to Stennett was fraudulent, and no proof that it was ante-dated, these credits accruing against Eason after the date of the assignment, could not have been allowed against the assignee. There is, therefore, no ground for reversing the original decree upon Carter’s writ of error.
'Where a horse was purchased, for a foreign market to which, he was taken and. sold, no return or offer to return was necessary where the unsoundness was ■discovered in a distant State.
Where a second injunction is obtained injoining a judgment at law upon filing a bill of review which was not warranted by the rules of chancery practice, damages are due and should be awarded to the defendant.
Upon the cross-errors, we remark first, that the horse having been purchased for a foreign market, to which he was taken and sold, it was not requisite that there should have been a return, or an offer to return him, when, in a distant State, his unsoundness was discovered. The complainant did not lose his rights in equity by disposing of him there to the best advantage. And although this horse was sold to the complainant, with others, for a gross sum, yet there seems to have been a specific, or at least an average price put upon him, which enabled the Court to ascertain, with reasonable certainty, the loss sustained. The insolvency and non-residency of Eason, are sufficiently established, if that were necessary to authorize the damages growing out of the original transaction and consideration of the note, to be credited upon it in the hands of his assignee. There was no error, therefore, in not dismissing the original bill without any relief to the complainant.
Upon the question made by the second cross-error, as to the failure to decree damages on the dismissal .of the bill of review and the dissolution of the second injunction, we have been unable to perceive any sufficient ground for refusing the damages directed by statute to be paid on dissolution of an injunction and must consider the failure to decree them in this case as an error to the prejudice of Stennett.
Wherefore, the original decree is affirmed upon the original and cross-errors assigned upon it; and the decree upon the bill of review is affirmed upon the errors assigned by Carter on his writ of error, but is re *255 versed upon the cross-error last noticed, and the cause upon that claim is remanded, with directions to render a decree in favor of Stennett against Carter, as before; and also for ten per centum damages upon the sum enjoined. The costs in this Court must be paid by Carter.
Burton for plaintiff; Dunlap for defendants.