EUREKA CAST STEEL COMPANY

v.

MORDEN FROG AND CROSSING WORKS.

| 23  591 |
| 51  229 |

*Sales—Acceptance—Reasonable  Time—Rescission—Defective Instruction.*

1. In the absence of fraud or latent defects, the acceptance of an article sold upon an executory contract, after an opportunity to examine it, is a consent and agreement that the quality is satisfactory and as conforming to the contract, and not only bars all claims for compensation for any defects that may exist in the article, but necessarily also bars the right of rescission.

2. In the case presented, it is *held:* That an instruction for plaintiff, purporting to state all the elements of his cause of action, is defective under the evidence because of the omission of any hypothesis respecting the examination and acceptance of the articles in question, or respecting any latent defects, or of notice to the defendant within a reasonable time; and that the evidence shows that the plaintiff had a reasonable time and fair opportunity to examine said articles, and an acceptance upon such examination.

[Opinion filed July 27, 1887.]

IN ERROR to the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

This was an action by the defendant in error as buyer, against the plaintiff in error as manufacturer and seller, to recover back the price paid by former to the latter, of twenty-five frog points, as upon the rescission of the contract. The declaration contained two special counts upon an executory contract of sale of articles of a specific quality and description and the common counts. The pleas were the general issue and a special plea of accord and satisfaction on which issues were formed, a trial had and verdict and judgment for plaintiff below for $509.62 damages, and defendant brings the case here on error. The material facts are, that June 26, 1883, the plaintiff below, at Chicago, gave a written order to defendant to furnish the former at the earliest possible

moment twenty-five Morden patent solid cast steel, one in ten, frog points, free of defects, as per pattern No. 9 of the Chicago Grand Trunk Railroad, price 7½ cents per pound, free on board cars, at Chicago. Which order the defendant accepted, and afterward delivered to plaintiff, at Chicago, twenty-five frog points in pursuance thereof, but some of which being defective, as was claimed by the general manager of plaintiff corporation, the latter refused to accept. Later, and October 27, 1883, the manager of defendant's corporation, being informed of such refusal, offered to take them back; but on suggestion on behalf of plaintiff's said manager it was agreed to have the said frog points inspected, they being in the shop of plaintiff here in Chicago; whereupon, October 29, 1883, the same were inspected by and in the presence of said plaintiff's general managers and several of its employes by all the means practicable, the agents of the defendant being also present. The result of such inspection was that five of said points were found defective and twenty to be all right. It was thereupon agreed by and between the respective parties that the plaintiff should accept the twenty not found to be defective at 7½ cents per pound and the five defective ones at 3 cents per pound and pay for them accordingly, which was done.

Evidence was given on behalf of plaintiff tending to show that having disposed of a portion of said frogs to the said Grand Trunk Railroad, they proved not to answer the purpose for which they had been ordered and made, and that it was because they were in fact not made of cast steel but of a metal of inferior quality. Upon that, however, there was a conflict of testimony. Plaintiff further gave evidence tending to show that after such fact was ascertained, it notified the defendant to take the frogs all back and refund the price paid. There was also a conflict of evidence upon that point. There was no issue of fraud raised in the case by any pleading, by any evidence, or otherwise.

The court on behalf of the plaintiff gave the jury the following instruction :

"2. If the jury believe from the evidence that the defend-

Eureka Cast Steel Co. v. Morden Frog and Crossing Works.

ant delivered to the plaintiff under said order of June 26, 1883, twenty-five frog points of the Morden patent, and that the plaintiff supposing the same to be solid steel points, settled and paid the defendant therefor, but that afterward it was discovered by the plaintiff that the said frog points so delivered by the defendant were not solid cast steel, but were of other and inferior metals, and that thereupon the plaintiff stating the defect in the material to the defendant, asked of the said defendant the repayment of the money, and that the defendant should take back the said frog points, and the defendant refused so to do, then the plaintiff is entitled to recover of the defendant the amount of money so paid, and if the jury further believe from the evidence that the plaintiff, before discovering the defect in the material, had used and expended labor and material in preparing the said points to be used as frogs, and that in consequence of said frog points not being solid cast steel, if the jury shall believe from the evidence they were not, the labor and material used and expended in so preparing said frog points for use became useless and worthless, then the plaintiff is entitled to recover the value of the labor and material so used and expended besides the money paid by plaintiff to defendant for the points."

Messrs. Bisbee, Ahrens & Decker, for plaintiff in error.

Mr. John B. Cohrs, for defendant in error.

McAllister, P. J. The contract created by the giving and acceptance of the written order of June 26, 1883, was an executory contract for the manufacture and sale on the part of the defendant below, for and to the plaintiff, of the articles mentioned of a particular kind and description, and on the part of the plaintiff below to accept and pay for them at the price stated.

In such case the law is well settled, that it was a condition precedent to the seller's right to the price, that the articles the defendant had delivered under such contract should answer the description; and there was an implied undertaking on

its part that the plaintiff—the buyer—should have reasonable time and fair opportunity to examine the articles. But it is likewise well settled that if the buyer would rescind the contract and recover back the price paid, on the ground that the articles were not of the quality or description of those purchased, notice should have been given within a reasonable time. Wolf v. Dietzsch, 75 Ill. 205; Shields v. Reibe, 9 Ill. App. 598, and authorities there cited.

The evidence shows without conflict that the plaintiff below had reasonable time and fair opportunity to examine the articles in question, and that upon such examination it expressly accepted twenty of them as answering the description in the contract, and five being found to be defective, the plaintiff made a new bargain therefor and took them as they were at half price. In the absence of fraud or latent defects, the acceptance of an article sold upon an executory contract, after an opportunity to examine it, is a consent and agreement that the quality is satisfactory and as conforming to the contract, and not only bars all claims for compensation for any defects that may exist in the article, but necessarily also bars the right of rescission. Gaylord Manufacturing Co. v. Allen, 53 N. Y. 515; Gurney v. A. & G. W. Ry. Co., 58 N. Y. 358, 364.

There was no evidence or issue of fraud as respected the contract or said acceptance. The second instruction on behalf of plaintiff below purported to instruct the jury upon all of the elements of plaintiff's cause of action and right of recovery, and contains no hypothesis respecting the examination and acceptance of the articles in question by plaintiff on October 29, 1883, or at any other time, or respecting any latent defects in the articles, or of notice to the defendant within any reasonable time.

As the case stood upon the evidence, that instruction was substantially defective, and could not have been otherwise than prejudicial to the defendant.

The defendant offered upon the trial communications between the parties occurring prior to June 26, 1883, for the purpose of showing, as counsel stated, that the material, or metal, out of which the frog points were to be made, was not intended to be of cast steel, but of a material of defendant's own pro-

duction by secret process. This evidence was excluded, and error is assigned upon it.

We are of opinion that defendant, by the averment in the special plea and second rejoinder, was precluded from making that issue. But, for the error in said instruction, the judgment will be reversed and cause remanded.

*Reversed and remanded.*