WILLIAM FREDERICK

v.

AVERY G. CASE.

</div>

*Sales—Conditional Sale—Furnace—Evidence—Instructions.*

1. In an action to recover the purchase price of a furnace, it is *held:* That the questions whether the contract was an absolute or conditional one, and whether the furnace properly heated the house, were fairly submitted to the jury; and that there is no such conflict between the evidence and the verdict as to require a reversal.

2. The purchaser of a chattel, the contract being conditional upon its answering the purpose for which it was designed to the satisfaction of the vendee, must, within a reasonable time, if it proves unsatisfactory, so notify the vendor.

3. Testimony as to the value of a given article by a person who is not shown to have any knowledge thereof, is inadmissible.

[Opinion filed December 8, 1888.]

APPEAL from the Circuit Court of Kane County; the Hon. ISAAC G. WILSON, Judge, presiding.

Mr. CHARLES WHEATON, for appellant.

There was a warranty by appellee that the furnace would work well and heat the rooms in appellant's house that had been piped. It was not necessary that the word warrant should have been used. Any positive representation of the quality of an article or any positive representation that it will answer the purpose for which it is designed, amounts to a warranty. Any positive representation made at the time of the sale, by the seller, for the purpose of inducing the buyer to purchase, is a warranty. Hawkins v. Berry, 5 Gilm. 36. When a representation is positive and relates to a matter of fact it constitutes a warranty. Sparling v. Marks, 86 Ill. 125; Robinson v. Harvey, 82 Ill. 58.

The theory of appellant was, that the agreement between him and appellee was, that appellee should put a furnace in his house and unless it worked to his satisfaction, appellee would put it in and take it out without any expense to appellant. If such was the agreement, then the law is, that whether the furnace was satisfactory or not was to be determined alone by appellant, and whether it worked well or not was immaterial. Goodrich v. Van Nortwick, 43 Ill. 445.

And the mere fact that appellant did not, within a reasonable time, notify the plaintiff that the furnace did not suit, would not of itself, as a proposition of law, enable the plaintiff to recover, nor authorize a recovery of the contract price. The fact he did not give notice would only raise a presumption against appellant that the furnace did suit.

The not giving notice was a matter that affected only the *quantum* of evidence in proving that the furnace did not suit. It was a mere fact to go to the jury to be considered by them in determining the question as to what the agreement really was and whether the furnace did suit. And it was an error to instruct the jury, as was done substantially in this case, that if appellant did not give the notice he had no defense.

The cases of Shields v. Reibe, 9 Ill. App. 598; Fielder v. Starkin, III Bl. 17; Bordman v. Johnston, 12 Wend. 556; Thornton v. Wynn, 12 Wheat. 183, and Poulton v. Latimore,

Frederick v. Case.

9 Barn. & C. 259, fully establish the doctrine that the not giving the notice only affects the question of fact as to whether the goods had the defect complained of, and only raises the presumption against the buyer that they had not.

In the case of Shields v. Reibe, *supra*, it is expressly held that an instruction which tells the jury that it is the duty of the defendant to give the plaintiff timely and reasonable notice of the defect complained of is erroneous. The decision in that respect is in accordance with the weight of authority and is the law.

Messrs. Hopkins, Aldrich & Thatcher, for appellee.

C. B. Smith, J. It appears from the evidence in this case that appellee was a dealer in hot air heaters or furnaces called the Boston Peerless, and that appellant, who had recently built a new house, negotiated with appellee to have a furnace placed in his house. Appellee had a new furnace called the Western Peerless which he supposed to be an improvement on the Boston Peerless and sold that one to appellant. Shortly after this, appellant made some complaint that the Western Peerless would not work, and appellee then informed him that he had put in three other Western Peerless furnaces and that they were not working satisfactorily and that he would take them all out at his own expense and replace them with his regular Boston Peerless. Appellant made no objection to the change, and it was made accordingly. The new or second furnace was placed in the house in September or October, 1885. This suit is now brought to recover the price of the heater. The principal controversy grows out of the terms of the contract. Appellant testifies that the contract was a conditional one ; that appellee agreed to put in the furnace for $176, on the express condition that it should suit appellant; that the furnace was to remain the property of appellee, unless it suited appellant, and that, if it did not suit him, it was to be put in and taken out without a cent of cost to him. No time was fixed for payment. This was the contract as stated by appellant.

Appellee swears that they had had frequent conversations about the furnace, and that appellant knew what furnace it was and asked him for his lowest figures, and that he gave him $176 as the lowest price, and that appellant then replied: " Go ahead and put in the furnace and I will take it." Appellee testifies that the sale was an absolute one and that there were no conditions to it. Nothing was said about when the furnace should be paid for. Appellant testifies that the furnace did not work well, and that it leaked gas and did not heat his house well, and that he made frequent complaint to appellee about the defective working of the furnace. Appellee denies that any complaint was ever made to him about the furnace until more than a year after the furnace was put in, and only after he had sent his bill for the furnace. On the trial evidence was submitted on both sides as to the sufficiency of the furnace to heat the house, and showed more or less conflict. The trial resulted in a verdict for appellee for the full amount of his claim, $176.

A motion for a new trial was made and overruled, and judgment entered on the verdict. Appellant brings the case here for review, and urges that the verdict is against the evidence, and that the court erred in giving and refusing instructions, and in rejecting proper testimony offered by appellant.

As to whether the contract was an absolute or conditional one, and as to whether the heater properly heated the house, we have only to say they were both questions of fact, fairly submitted to the jury, and we see no such conflict between the verdict and the evidence as would justify us in setting aside the verdict for that reason. On the contrary, we think the evidence supports the verdict. The case has already been twice tried, and two juries have found the same way. We see no reason to believe that another jury would find differently.

The following instruction was asked by appellant on the trial in the court below, and given as modified by the italics:

"If the jury believe from the evidence that the agreement of the parties in this case was, that the plaintiff should put a furnace in the dwelling house of the defendant, and that unless it worked to the satisfaction of the defendant, that he,

the plaintiff, would put it in and take it out and away without any expense to the defendant, and if the jury further find from the evidence that the defendant was not satisfied with said furnace, then they, the jury, should find for the defendant, notwithstanding they should find from the evidence that the furnace did work well; the law being, that, if by agreement of the parties, the furnace would be satisfactory to the defendant or not, then whether satisfactory or not, was to be determined alone by the defendant, and whether or not it worked well is wholly immaterial. *But the court further instructs you that if the furnace was not satisfactory to the defendant, and if no particular time was agreed upon in which the plaintiff should take it away, then it was the duty of the defendant to notify the plaintiff within a reasonable time that the furnace did not suit, and if the jury believe from the evidence that he did not do so, he could not subsequently complain that it did not satisfy him.*"

Counsel for appellant informs us that the above instruction as asked, without the italics, "is in harmony with the decision of the court in the case of Goodrich v. Van Nortwick, 43 Ill. 445." A reference to that case fails to show any such instruction. Nor does the case itself support any such doctrine as contained in the instruction upon a similar state of facts. The instruction was wrong and misleading on appellant's own theory of the case; conceding the contract was a conditional one, and that appellant was not bound to keep the heater unless it suited him, it was plainly his duty to exercise his election within a reasonable time, and, if the heater was not satisfactory, to notify appellee and give him an opportunity to remove it. The parties resided in the same town and it is in proof that appellant kept the heater nearly, if not quite, a whole year before he informed the appellee that he would not keep it, and used it to heat his house during the fall, winter and spring of 1885–86.

Appellant contends that the case of Shields v. Reibe, 9 Ill. App. 598, is an authority in support of the instruction. That was a suit brought for ten bags of choice Virginia shelled peanuts, sold by sample, and to be delivered in Chicago at an

agreed time. Shortly after the bags arrived at Chicago the purchaser took them to his store without examination and placed them in a dry place. In eight or ten days the peanuts were examined and found to be partly rotten and all spoiled and worthless. Immediately upon the discovery of the condition of the goods the purchaser notified the seller of their condition and refused to pay for them. Upon these facts the court say: "That the plaintiff was not entitled to recover the price, for the reason that the contract was merely executory and for the sale of goods of a particular description and when delivered they were not of that description, and *reasonable notice was given by the buyer to the seller of such fact.*" The defendant pleaded two pleas: First, the general issue, and second, a plea of failure of consideration. On the trial the court in substance instructed the jury that on a sale of goods by sample the seller is entitled to a reasonable notice of any defect in the goods, and that it is the duty of the purchaser to give reasonable and timely notice, that the goods are not equal in quality to the sample. The notice was given promptly of the bad condition of the peanuts as required by the instruction, and there was no contention about his failure to give the notice; it was conceded by both parties. The defendant certainly put himself in no worse condition by giving such notice, and if no notice was necessary he was not in a position to complain of the action of the court in telling the jury that it was his duty to do just what he did do—give the notice. The court say that, "as the issues were, the giving of this instruction was erroneous. As the issues stood the verdict allowing plaintiff full price for his goods was manifestly against the weight of the evidence." The issues in that case and this one were different. In this case only the general issue was pleaded. We do not understand that case as holding that the purchaser of a chattel may make a conditional purchase depending on his election to make it absolute, and that he can then never be required to exercise such election and keep the chattel indefinitely without paying for it. We think no authority can be found in support of such a proposition.

Appellant knew how the heater was working and if it did not suit him and he did not intend to keep it and pay for it, it was his duty to notify appellee of that fact within a reasonable time, under his claim of right to reject it if not satisfactory. To now allow him to keep it and use it with the secret intention of not paying for it would be to sanction a gross and palpable fraud. And yet this was what the instruction as asked told the jury appellant might do. The instruction as modified by the court was correct, but erroneous without the modification.

The instruction given on motion of appellee, about which complaint is made, announces the same rule as laid down in the modification of the court to the one above set out, and announces a correct rule of law.

Appellant complains that the court erred in sustaining objections to certain questions asked of one of the witnesses relating to the fair market value of a Western Peerless furnace and of a Boston Peerless furnace in 1885. There was no error in this. There was no evidence to show that the witness had any knowledge of the value of the kind of furnace named, nor did the question relate to the furnace in controversy, nor to one of the same size as the one in controversy.

We have examined this record carefully and can find no such error as would justify a reversal of the judgment, and it is affirmed.

*Judgment affirmed.*