WILLIAM PHELAN *et al.*

*v.*

SAMUEL L. ANDREWS *et al.*

1. VARIANCE—*between declaration and contract in suit for breach of warranty.* In a suit for breach of warranty, where the declaration sets out the contract only in substance, and not in *hæc verba,* a variance, to be fatal, between the contract, as declared on, and the one offered in evidence, must be in some material matter.

2. In a suit to recover damages for an alleged breach of warranty, in the manufacture of two steam boilers, the declaration alleged they "were

intended for driving a grist mill, at Annawa, in the county of Henry, and State of Illinois," while the contract was silent as to their purpose, or place where they were to be used: *Held*, there being no averment that the contract stated they were to be so used, and the declaration only purporting to set out the contract in substance, this was not a variance.

3. Nor is there any substantial difference between the averment that the boilers "should be built and manufactured in a first class manner," and that "the work should be done in a first class manner."

4. SAME—*implied warranty.* So, where the declaration alleged that, "in consideration of the manufacture, sale and warranty of the boilers, plaintiffs agreed to pay $2400," while the contract read, "defendants were to build two steam boilers with a mud-receiver, for $2400 :" *Held*, this was not a variance, as the pleader, in averring the warranty, only stated the substance of the agreement, and a mud-receiver constituted a part and necessary portion of the boilers—it being a well recognized rule of law that when a manufacturer furnishes his wares, he impliedly warrants them to be reasonably suited to the purpose for which such articles are designed, and to be skillfully and properly constructed.

5. Nor is there a variance when the declaration avers that plaintiffs were to pay $2000, on the completion of the boilers, and $400 on June the 1st, 1867, with ten per cent interest; and, by the contract, plaintiffs were to pay $2000 cash at the shop of defendants on completion of the work, "and give a lien note for $400, payable June 1st, 1867, with ten per cent interest, payable at Second National Bank, Peoria"—the terms and conditions of the contract being only stated as inducement to the warranty, upon which the action is based, and mere inducement is not required to be set out with the same degree of particularity as the contract itself.

6. MEASURE OF DAMAGES—*for breach of warranty.* In a suit to recover damages for a breach of warranty, the plaintiff is entitled to recover for all damages which are the natural and proximate result of the failure of the warranty. And where a manufacturer has broken his warranty, in the construction and sale of two steam boilers, the necessary expense of repairing them, the loss of time while so engaged, as well as the increased quantity of fuel necessarily consumed to generate steam, would be considered as both natural and proximate damages.

APPEAL from the Circuit Court of Henry county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

The opinion states the case.

Mr. D. McCULLOCH, for the appellants.

Mr. B. C. COOK, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought to recover damages for an alleged breach of a contract for manufacturing two steam boilers. The declaration contains two special counts on the contract, and to it the plea of the general issue was filed. On the trial, plaintiff offered the contract in evidence, and it was excluded under the first count, but was admitted under the second.

It is urged the court erred in admitting the contract in evidence, as it is claimed there was a material variance between the contract described and the contract read in evidence. The declaration avers the boilers " were intended for driving a grist mill, at Annawan, in the county of Henry, and State of Illinois," while the contract is silent as to the purpose, or place where they were to be used. In this no variance is perceived. There is no averment that the contract states they were to be so used, and hence there can be no variance. There could be no variance unless the contract declared upon varied from that offered in evidence in a material matter, unless it was set out in *hæc verba*. In this case it is only set out in substance; and, had the averment been that it was a part of the contract, it would be immaterial.

Nor do we perceive any substantial difference between the averment that the boilers " should be built and manufactured in a first class manner," and that " the work should be done in a first class manner." The meaning is the same, and the declaration only purports to give the substance, and not the language of the agreement.

The same is true of the averment that, in consideration of the manufacture, sale and warranty of the boilers, plaintiff agreed to pay $2400, while the contract says the defendants were to build two steam boilers, with a mud receiver, for

$2400. It it a well recognized rule of law that, when a manufacturer furnishes his wares, they shall be reasonably suited to the purpose for which such articles are designed, and shall be skillfully and properly constructed. To this extent the law implies a warranty. In averring a warranty, the pleader only stated the substance of the agreement.

As we understand it, a mud receiver is a part and a necessary portion of the boilers. If so, then there was no variance. If, however, it is no part of the boilers, there was a variance, as the contract would then be incorrectly described.

It is also objected that there is a variance as to the mode of payment. The declaration avers that plaintiffs were to pay $2000 on the completion of the boilers, and $400 on June the 1st, 1867, with ten per cent interest. By the contract, plaintiffs were to pay $2000 cash, at the shop of defendants, on completion of the work, " and give a lien note for $400, payable June 1st, 1867, with ten per cent interest, payable at Second National Bank, Peoria." The law requires the debtor to seek his creditor for the purpose of making payment, and hence the statement that appellees agreed to pay $2000 on the completion, was the same in substance as an agreement to pay at the shop of appellants, as that was their place of business. But the terms and conditions of the contract are only stated as inducement to the warranty upon which the action is based. Had appellees alleged they had bought and paid for the boilers, without saying when, where, or in what manner, and that appellants had warranted them, and averred the terms of the warranty and the breach, there would be no doubt that it would have been sufficient. And because appellees have failed to set out every particular as to the time and manner payment was to be made, the effect should not be different. The suit is for the breach of the warranty, and the substance of the contract is set out, and an averment that appellees have performed their part of the agreement, and that was sufficient. There is nothing in the description of the contract that is repugnant to the instrument when produced. It is something

490        PHELAN *et al. v.* ANDREWS *et al.*        [Sept. T.,

Opinion of the Court.

more minute and rather fuller than the description in the declaration, but the agreement contains all that is found set out in substance in the declaration, and this action being only for the breach of warranty, there was not a variance that should have excluded the contract. This is not like a suit on a note where a recovery is sought for its non-payment. There the plaintiff must show time, place, and the manner in which payment was to be made, and negative a performance, and there a misdescription in the declaration is held to constitute a variance. Mere inducement is not required to be set out with the same degree of particularity as the contract itself. And this was but inducement to show the consideration for the contract of warranty. Had there been a misdescription of the terms of the warranty, then there would have been a fatal variance. But it was truly set out, and was sufficient. There was no error in admitting the agreement in evidence.

It is next objected that the court below misdirected the jury as to the measure of damages ; that the recovery for loss of time, and the expense. of repairing the boilers, and the increased quantity of fuel necessary to run the mill, were remote damages, and not properly recovered. In this case the warranty was, that the work should be first class ; and if, when applied to use, it proved defective, and the boilers leaked, or if they required more fuel to generate steam than such boilers, when properly constructed, usually do, then the warranty was broken, and the rule of law is, that appellees were entitled to recover all damages which were the natural and proximate result of the breach of the warranty. And it is clear the expense of repairing them, and the loss of time while so engaged, would be both natural and proximate. In such a case the reasonable value for the use of the boiler, lost by it standing idle during the time the repairs were being made, would be proximate.

In the case of *Strawn* v. *Cogswell*, 28 Ill. 457, a case similar in principle to this, it was said that, " If, after receiving the work, it be found to be defective, the owner may recover a sum of money sufficient to alter the defective machinery to what it

should have been under the contract, with a reasonable compensation for its use for the period of time necessary to make the change. This is the damage he has sustained, and is the true measure." The cases of *Green* v. *Mann*, 11 Ill. 613 ; *The Sangamon & Morgan Railroad Co.* v. *Henry*, 14 Ill. 156, and *Chicago & Rock Island Railroad Co.* v. *Ward*, 16 Ill. 522, announce the same rule.

It follows, from what has been said, that there was no error in giving the instructions for appellees, or in refusing instructions asked by appellants. The judgment of the court below is affirmed.

*Judgment affirmed.*