ELIZA HEACOCK

*v.*

WILLIAM LUBUKEE.

*Filed at Ottawa January 23, 1884.*

1. EVIDENCE—*identity of party in different suits.* In an action of ejectment, the plaintiff sought to support his claim of title by a decree rendered in a proceeding under the Burnt Records act, against the same defendants. A question arose as to the identity of the plaintiff in the two suits, there being a difference in the spelling of the surname. In the ejectment suit, throughout the whole proceedings, the plaintiff's name was spelled "*Lubukee,*" while in the proceedings in the other case it was, with one exception, written "*Lubeke.*" In entitling the copy of the decree in that case, as the same was set out in the record in the ejectment suit, the name was spelled "*Lubuke.*" In the two suits the names of the defendants, the christian name of the plaintiff, the court in which the suits were brought, the appeals in both cases to the Supreme Court, and the proceedings therein, all corresponded with literal accuracy. There was no evidence, aside from the diversity in spelling

the name, that Lubeke and Lubukee were different persons, or that there was ever but one proceeding brought against the same defendants under the Burnt Records act, involving the title to the land in controversy, and in an application for a continuance in the ejectment suit in the trial court, the defendant expressly stated that the plaintiff in that suit was plaintiff in the former suit: *Held*, in the absence of countervailing evidence, these facts sufficiently established the identity of the plaintiff in the two suits.

2. SAME—*as to variance arising collaterally.* Where the question of variance arises collaterally, a much more liberal rule prevails than in cases of variances in instruments sued on from the description in the declaration.

3. PRACTICE—*waiver of jury—parties held to waiver at a succeeding term.* At the October term of the trial court the record of a suit showed a waiver of a jury, and an agreement to try the cause then at issue before the court alone. The cause, for some reason, was not tried at this term, but was called for trial, on the same issues, at the May term following, when the defendant, after failing to obtain a continuance, demanded a trial by jury, which the court refused, and tried the cause without a jury: *Held*, that the court did not err in denying the defendant a jury trial.

APPEAL from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Mr. J. BURNHAM, for the appellant.

Mr. E. A. OTIS, for the appellee.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

On the 27th of April, 1881, William Lubukee, the appellee, commenced in the Superior Court of Cook county an action of ejectment against the appellant, Eliza Heacock, and William O. Heacock, for the recovery of certain real estate situate in Cook county. Prior to the institution of this suit Lubukee had obtained a decree in a proceeding commenced by him in 1879, under the Burnt Records act, against the Heacocks and others, confirming his title to the land in controversy, from which an appeal was prosecuted to this court, resulting in a judgment here affirming that decree. (See *Heacock* v. *Lubuke*, 107 Ill. 396.) Owing to the pendency of the appeal in that case the trial in the present suit was

delayed till the May term, 1883, of the Superior Court, when the cause was tried, resulting in a judgment in favor of appellee, and this appeal is brought to reverse that judgment.

On the trial in the court below appellee relied exclusively upon the record in the former suit to establish title in himself, and it was clearly sufficient for that purpose, if the identity of the plaintiff in that and the present suit is conceded. But appellant claimed upon the trial below, and the claim is renewed here, that it does not sufficiently appear, from the record in this cause, that the same person was plaintiff in both suits, and that it therefore devolved upon appellee to show this fact by extrinsic testimony. An examination of the two records will show the only ground for this objection is a diversity in the spelling of the plaintiff's surname. In the summons and declaration, and, indeed, throughout the whole proceedings in this case, the name is spelled "*Lubukee,*" while in the proceedings in the other case it is, with one exception, written "*Lubeke.*" In entitling the copy of the decree in that case, as the same is set out in the present record, the name is spelled "Lubuke,"—only wanting, as it will be perceived, an additional final "e" to make the spelling precisely the same as it is in the present case. It is not important as to how the plaintiff's name was spelt in the former suit, provided sufficient appears upon the face of the record in that suit, or otherwise, to show the plaintiff in both suits is the same person. While names are to be looked to as one of the means of identifying the parties to a suit, yet they are not the only ones, nor are they by any means conclusive.

A careful examination of the decree and other proceedings in the former suit, in connection with the proceedings in this cause, in our judgment, sufficiently establishes the identity of the plaintiff in the two actions to shift the burden of proof upon appellant, and as she offered no evidence to establish the contrary hypothesis, we think the law is with the appellee on

this question. The names of the defendants, the christian name of the plaintiff, the description of the land, the court in which the suits were brought, the appeal to this court, and proceedings here, are all set forth in both records, and correspond with literal accuracy. In addition to this, there is not a particle of evidence tending to show,—except that which is afforded by the diversity in spelling, above mentioned,—that William Lubeke and William Lubukee are different persons, or that there was ever but one proceeding brought against the Heacocks under the Burnt Records act, involving the title to the land in controversy, and in an application for a continuance of this cause in the court below the appellant expressly states that appellee was plaintiff in the former suit. Assuming this to be so, it is not very material as to how his name was spelt in that suit. This is not a direct proceeding on the record of the former suit, as seems to be supposed by counsel for appellant, and hence the strict doctrine relating to variances in that class of cases has no application to this suit. Where the question of variance arises collaterally, as it does here, a much more liberal rule prevails, as is fully shown by the following authorities: *Leidig* v. *Rawson*, 1 Scam. 272; *Hull* v. *Blaisdell*, id. 332; *Plumleigh* v. *Cook*, 13 Ill. 669; *Chiniquy et al.* v. *Catholic Bishop*, 41 id. 148; *Phelan* v. *Andrews*, 52 Ill. 486; *Stevison et al.* v. *Earnest*, 80 id. 513; *Beaver* v. *Slanker*, 94 id. 175.

It is also objected that the court erred in refusing to submit the cause to a jury for trial. The record before us contains, among others, the following recitals: "And on the 27th day of October, 1882, the said parties came, by their attorneys, and in open court waived a jury, and submitted said case to the court for trial, and on the 31st day of May, 1883, the same being one of the days of the May term, 1883, of said court, and the cause being called up for trial, on motion of the said plaintiff, before the said Judge Williamson, the said defendant, Eliza Heacock, by her attorney, objected,

on the ground that said cause was not upon the trial calendar," and thereupon entered a motion, founded on affidavits, for a continuance of the cause, which was overruled by the court, and an exception taken. The appellant then demanded a jury, but the court declined to order one, and proceeded to hear the cause without a jury, against her objections, and this is assigned for error.

In *Town of Carthage* v. *Buckner*, 8 Bradw. 152, it is held, where a jury has been waived by a party, and there has been a trial by the court in pursuance of such waiver, the waiver thereupon ceases to have any further binding force, so that upon another trial of the cause the party, as a matter of right, may demand a jury, if under the circumstances he would otherwise be entitled to one.

In *Gage* v. *Commercial National Bank of Chicago*, 86 Ill. 371, it was held that where a party had stipulated to submit a cause to the court without a jury, upon certain "*issues joined,*" and there was subsequently a continuance of the cause to another term of the court, and the pleadings so amended as to raise, in part, new and different issues, such stipulation, by reason thereof, ceased to be operative and binding, and that to deny a trial by jury, when demanded under such circumstances, was error. The implication here is patent, that if there had been no change in the issues the parties would have been bound by the agreement, notwithstanding there had been a continuance of the cause.

The present case is unlike either of the cases last cited. Here, the cause, as in the *Gage case*, was at issue at the time the stipulation to waive the jury was entered into, but, unlike that case, there was no subsequent change of the issue upon which the parties had agreed to go to trial without a jury. The only reason assigned by appellant why she should not be held to abide by her stipulation, is the suggestion of her counsel that she "was willing the case should be tried by the court if the case were tried in October, 1882, but she was

not willing in May, 1883." We' think there are two sufficient answers to this position : First, the stipulation, as shown by the record, contains no such limitation as that suggested. So far as the record shows, nothing whatever was said as to when the trial should take place, and if appellant understood it was to take place immediately, she should then have insisted upon it, and made that a condition of her entering into the stipulation ; but nothing of this kind was done. Second, it is manifest, from an examination of the record before us, that the delay in the trial of the cause from October, 1882, to May, 1883, was in conformity with her own wishes, and even at the time of the trial she applied for a still further postponement of the trial of the cause.

We perceive no reason for disturbing the judgment of the court below, and it is therefore affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCOTT : I am of opinion it was error to refuse a trial by jury. As to the other questions ·discussed I do not now wish to express any opinion.