SETH F. HANCHETT ET AL.

v.

JOSEPH F. IVES.

*Trespass — Attachments — Successive Levies—Priority—Sheriff—Constable.*

1. The possession of property levied upon, in the hands of a custodian, is the possession of the officer so placing it, and he can maintain trespass against one who removes the same.

2. The levy upon personal property of an attachment issued by one judicial authority to one officer, takes precedence of an execution against the same defendant issued by another judicial authority, to another officer, although the execution was in the hands of the latter before the levy of the attachment.

[Opinion filed September 11, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Messrs. ABBOTT & BAKER, for appellants.

Messrs. ABBOTT, OLIVER & SHOWALTER, for appellee.

GARY, J.    The facts upon which the question of law in this case arise are, that the appellant, Hanchett, was the sheriff, and the appellee, Ives, one of the constables, of Cook County. The sheriff held unlevied, an execution; while he so held it, attachments subsequently perfected by judgments were issued by a justice of the peace of the county, and the writs placed in the hands of Ives.    He levied them upon a horse which, under Ives' levy, was left in the possession of Price, a stable keeper. Hanchett claiming a prior lien by virtue of the execution in his hands, took the horse from Price, who voluntarily surrendered him upon being paid the charges that had accrued. For that taking the attorney for the attachment creditors, by Ives' authority, commenced this action for trespass for the

benefit of those creditors to the extent of their judgments, and for Ives' benefit as to some costs. On the trial in the Superior Court, after the appellants had entered upon their defense, they presented a stipulation signed by Ives, to dismiss the suit, and while the appeal has been pending here, a confession of errors signed by him has been presented to this court as a ground for reversing the judgment. The Superior Court and this court have both refused to permit Ives to control the case.

The reasons justifying such refusal have been stated, under circumstances involving the same principle, in Cohen v. Smith, 33 Ill. App. 344. The possession of the horse by Price was the possession of Ives, on which Ives could maintain trespass against a wrong-doer. Brownell v. Manchester, 1 Pick. 232; cited as authority in Cannon v. Kinney, 3 Scam. 9; Thorp v. Burling, 11 John. (N. Y.) 285; Root v. Chandler, 10 Wend. 110; Grose, J., in Gordon v. Harper, 7 Term. 9.

The general question of permanent interest in the case is as to the priority of the execution and the writs of attachment. In the Superior Court, by the pleadings and evidence, the appellee relied upon an alleged agreement between the parties interested in the several writs, that the writs of attachment should have priority, and that in pursuance of such agreement the sheriff had, before he took the horse into his possession, indorsed on his execution a levy subject to the attachments. It is not necessary to take that matter into consideration, holding, as this court does, that the levy upon personal property, of an attachment issued by one judicial authority to one officer, takes precedence of an execution against the same defendant, issued by another judicial authority, to another officer, although the execution was in the hands of the latter officer before the levy of the attachment. That this holding is contrary to what has been generally understood, and in Rogers v. Dickey, 1 Gilm. 636, was declared to be the law of this State, must be admitted. That case, however, did not involve the question. The contest there was between the bailiff executing a distress after the lien of an execution had attached,

and the sheriff holding the execution. The fact that the bailiff was a constable was an immaterial circumstance. The distress warrant did not issue from a court; it was the command of a private individual. The constable was not, in executing it, exercising any official power or performing any official duty. All the statute law that was then in force in this State upon the subject of distress for rent, was the one section which is copied in Penny v. Little, 3 Scam. 301, and which was Sec. 6 of the act of 1827, concerning landlords and tenants. All that is said, therefore, in Rogers v. Dickey, as to the priority of writs in the hands of different officers, was outside of the case before the court. That part of the opinion is supported by no authority cited, except the case of Wells v. Marshall, 4 Cowen, 411, in which the whole opinion is: "*Curia*. The case of Lambert and others v. Paulding, is decisive that the *fi. fa.* must take preference." In that case the contest was between an attachment issued by a justice of the peace, and levied by a constable after an execution was in the hands of the sheriff; but Lambert v. Paulding, 18 Johns. (N. Y.) 311, was a contest between two executions issued out of the Supreme Court of New York, which, by their system, was one and the same court in all the counties of the State, and there is no allusion in the case to the question now here, though the execution was issued in different counties, and the property had been moved from one county to another. The only English case cited in Rogers v. Dickey which in principle has any resemblance to this, is Payne v. Drewe, 4 East, 523, in which it was decided that the sheriff was liable for a false return, by surrendering goods he had levied upon, and returning a *fi. fa. nulla bona*, because he was informed of a sequestration out of chancery to commissioners against the same defendant, which sequestration was, for the purpose of that decision, assumed to be a lien. It was there held that "where there are several authorities equally competent to bind the goods of a party when executed by the proper officer, they shall be considered as effectual, and for all purposes bound by the authority which first actually attaches upon them in point of execution, and under which an execution shall have

been first executed." True, this might mean the execution under which there had been a sale, but that is not the true meaning. "Property once levied upon remains in the custody of the law, and it is not liable to be taken by another execution, in the hands of a different officer." McLean, J., in Hagan v. Lucas, 10 Pet. 400. "The officer who succeeds in making the first levy, thereby obtains priority for his writ, and secures it the right to be first paid out of the proceeds of the sale." Freeman Ex., Sec. 196. No case to the contrary, except Wells v. Marshall, 4 Cow. 411 (since changed in New York by statute—Ray v. Harcourt, 19 Wend. 495), and Rogers v. Dickey, 1 Gilm. 636, where the question was not before the court, has been cited by counsel or found by the court. In the condition of affairs here, with process from Federal courts to the United States Marshal, from the State courts of record to sheriffs and coroners, and from justices of the peace to numerous constables, it is surprising that so little inconvenience has, in forty-five years, been the result of the extra judicial declaration in Rogers v. Dickey. Being extra judicial, no disrespect is shown to the Supreme Court in not following it; and being contrary to the almost unbroken current of authority, it ought not to be followed. Crocker's Law of Sheriffs, Sec. 415; 3 Field's Briefs, Sec. 433.

These views dispose of the case and the judgment being right upon the undisputed facts, it is affirmed.

*Judgment affirmed.*

GARNETT, P. J., dissents from the conclusion as to the priority of the writ.