THE HUYETT & SMITH MANUFACTURING COMPANY

v.

PETER SAILE.

*Sales — Machinery — Implied Warranty — Breach of — Damages — Whether Proximate — Loss of Time While Attempting to Use or Repair Imperfect Machinery.*

1. In an action brought by the manufacturers of a heater, sold by them to defendant, where the defense was that the heater was not properly constructed nor of good material, this court holds that the evidence justified the finding by the jury that there was a breach of the implied warranty that the heater should be properly constructed and of good material.

2.  The damages recoverable for the breach of warranty of a manufactured article are those which are the natural and proximate result of the breach of the warranty.  The loss of time of vendee and his employes while attempt was being made to use the imperfect machine and remedy its defects was, under the circumstances of the case at bar, one of the natural and proximate results of the improper construction of the machine.

[Opinion filed September 9, 1892.] ·

APPEAL from the Circuit Court of Bond County; the Hon. GEORGE W. WALL, Judge, presiding.

Messrs. FARMER, BROWN & TURNER, for appellant.

Messrs. D. H. KINGSBURY, NORTHCOTT & FRITZ and W. H. DAWDY, for appellee.

MR. JUSTICE PHILLIPS.  The appellants were manufacturers and sellers of certain machinery and apparatus for drying lumber by hot air.  Their place of business at Detroit, Michigan.  Appellee, desiring to engage in the business of evaporating or drying apples at Greenville, Ill., in the spring of 1888, saw one of appellant's heating apparatus in use in Detroit in drying lumber, and in September following purchased of appellant an apparatus of its manufacture with attachments and apparatuses, for the price of $486.29, to be paid in thirty days.  During the negotiations the purpose for which the heater was to be used was stated.  The articles sold were shipped, and in accordance with an agreement made at time of sale the seller sent a man to put up the machine and apparatus, which was done, and on suit being brought to recover the price, the defense was interposed that the manufactured articles sold were to be of good materials and workmanship, but were defective in construction and the pipes leaked, and the several pieces were put together in so defective a manner that there was an escape of steam and water, causing the air in the room to be full of moisture; that as a heating and drying apparatus it would not do good work and was defective in the material used, and in the workmanship.

As to the manner it was put together, this heater is constructed of about eighteen tiers of inch pipes, each about four feet long, connected at the ends by return bends, making, when put together, a cube of about four feet dimensions, the whole covered with a steel case. The pipes were screwed into the return bends at each end so that the steam by passing through the pipes heated them and air passed between the tiers of pipes, became heated, and was driven into the drying kiln. When first set up the evidence shows that the pipes were screwed into the return bends from one-sixteenth to the eighth of an inch, and that there were numerous leaks, and in consequence it would not do good work. After frequent requests and much delay appellant, at the request of the appellee, sent a second expert to examine and repair the heater.

The evidence shows that with a proper construction the pipes should have been screwed into the return bends from a half to three fourths of an inch, and when the second expert arrived he found many leaks consequent on some of the pipes being not long enough to be screwed into the return bends sufficient length, and took out these pipes, which were too short, and sent to the factory for others, which were of length to be screwed into the return bends a proper distance, which, being done, the heater ceased to leak, and from that time the work performed by it was satisfactory. While appellants claim that before leaving the factory the heater was subjected to various tests and was in good condition and of good material and workmanship, yet from the entire evidence the jury could well find that by reason of some of the pipes being too short it was so put together that it would leak and was not of suitable material and workmanship, and the character of the defects were such that it was of defective construction and workmanship. The verdict of the jury was for plaintiff in the sum of $225. Although the sale was a sale at Detroit to be delivered on board the cars at that place, and there was no warranty that the apparatus would dry apples, yet the defect being one of construction and workmanship, for which

the manufacturers and sellers were liable on an implied warranty, the fact that when properly put together and pipes of a sufficient length used to prevent leakage it did dry apples, was sufficient to authorize a verdict finding a breach of warranty on the part of the seller, from the fact that the heater was not of proper construction and workmanship when placed on the cars at Detroit. It is insisted, however, that the amount deducted from the purchase price by the verdict of the jury was excessive and not warranted by the evidence, and that the court erred in instructing the jury as to the measure of damage on the breach of warranty. The damages recoverable for a breach of warranty of a manufactured article, are those which are the natural and proximate result of the failure of the warranty.

The evidence shows that when the heater was put up by the expert sent for that purpose by the plaintiff, the defendant endeavored to use the same, and it not doing good work sought to repair the same, and while endeavoring to use it, had in his employ certain men, who, by reason of the defect in the machinery, were kept frequently idle. During this time the defendant was not only trying to repair the machinery, but wrote the plaintiff as to its condition, desiring it to send him an expert to repair the same.

During its defective condition the reasonable value for its use would be proximate, and this, with the loss of time while so idle, was both a natural and proximate result of the improper construction and bad workmanship of the heater. Phelan v. Andrews, 52 Ill. 486. The plaintiff asked the court to give, among other instructions, number eleven, which was given as modified: "The court instructs you that where a party has purchased machinery warranted to be perfect, but which proves to be defective when put in operation, it is the duty of the purchaser, as soon as he discovers that it is defective, to either repair it himself or call upon the warrantor to do so, and if the warrantor fails to remedy the defects in a reasonable time, purchaser is not authorized to continue to run the defective machinery, incurring expense in doing so, and then recover such unnecessary expenses

from the party who sold the machinery. In such cases the purchaser should use all reasonable diligence in repairing or causing to be repaired such defective parts, and if he fails to use such reasonable diligence, but continues or attempts to operate such defective machinery *after he finds it defective upon reasonable test and trial,* he can not hold the seller liable for the expenses *thereafter* so incurred in running it, *though he may recover for loss of time necessarily and reasonably occasioned before the defect is remedied.*"

This instruction was given as modified. The modification is in italics, and it is claimed by plaintiff that the modification is erroneous. The evidence shows that the delay was caused by the appellant first urging that the machinery was in good condition and the leaks would stop if its use was continued, and a further promise to send the second expert, which was unnecessarily delayed. The evidence does not show a continued use not authorized by the appellant. Under the evidence in this record it was not error to modify the eleventh instruction as given; it was in accordance with the rule in Andrews v. Phelan, *supra.*

The evidence authorized the verdict.

We find no error in the record and the judgment is affirmed.

<em>Judgment affirmed.</em>