## Seth F. Hanchet, Sheriff, et al. v. Joseph F. Ives, use, etc.

1. WAIVER—*Of Defects in Pleading.*—By pleading over by filing a rejoinder, all questions of law arising upon a replication are waived.

2. AVERMENTS—*Not Traversable.*—An averment that a suit is brought for the use of another is not traversable.

3. FINDING OF THE COURT—*Upon Conflicting Evidence.*—The finding of the court upon conflicting evidence is ordinarily final.

4. JURIES—*Waiver of, by Agreement.*—The parties to a suit made a stipulation that the cause, should be submitted to and heard by the court.

Thereafter, a new replication and pleadings subsequent thereto were filed, and one of the parties then demanded a trial by jury which was refused. *Held* that this was proper as the "cause," and not the cause upon "issue joined," was submitted.

Trespass.—Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed March 8, 1897.

E. F. ABBOTT and G. W. & J. T. KRETZINGER, attorneys for appellants; M. F. GALLAGHER, of counsel.

OLIVER & MECARTNEY, and SIMMONS & WINSTON, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This case, under the same title, has been in this court and in the Supreme Court heretofore. 33 Ill. App. 471; 133 Ill. 332.

When the case returned to the Superior Court the parties made a stipulation that the "cause" should "be submitted to and heard by his honor Judge Stein." Thereafter a new replication, with pleadings subsequent thereto, was filed, and the appellants then demanded a trial by jury. Being refused, they excepted. In this was no error. Here the "cause," and not the cause upon "issues joined," was submitted. Gage v. Com. Nat. Bank, 86 Ill. 371; Heacock v. Lubukee, 108 Ill. 641.

The new replication was an amplification of the previous one, the substance of which is stated in 133 Ill. 333-4; and upon rejoinders and surrejoinders, the parties got to a basket full of issues of fact.

The validity of the first replication was not passed upon by the Supreme Court.

Several issues of fact are also joined upon pleadings following that replication.

One of the rejoinders to the new replication was that the agreement in that replication stated was made more than five years before that replication was filed.

To that rejoinder a demurrer was rightly sustained. This

action of trespass is not grounded upon any right acquired by that agreement. The appellee had possession—the appellants took it from him, and must justify.

The agreement, if valid, only destroys the justification. And the validity of the agreement is not now in question. That could be tested only by demurrers to the replications, and abiding by the decisions on the demurrers. By pleading over—rejoining—all questions of law upon the replications are waived. Beer v. Philips, Breese, 44, is in point.

Ives is the sole appellee—was the sole plaintiff below. For whose use he sues—what he shall do with the proceeds —pay all to one, or divide them up—does not concern the appellants. The usees are not parties to the suit. They are the several plaintiffs in the writs held by Ives, the constable. Tedrick v. Wells, 152 Ill. 214.

The averment that the suit was for their use was not traversable. Boone v. Stone, 3 Gilm. 537.

Upon the conflicting evidence, the finding of the court is final.

There is no error, and the judgment is affirmed.