## Daniel Heenan v. Samuel Redmen.

1. WARRANTY—*Measure of Damages in Actions upon.*—The measure of damages in case of a breach of a warranty of quality of personal property sold and delivered is the difference in value between the article as delivered and the article as warranted, together with such special damages as are the natural and proximate consequence of the breach.

2. MEASURE OF DAMAGES—*Expenses in Endeavoring to Cure Diseased Animals.*—The care of diseased animals and the efforts to cure them is a reasonable and legitimate expense, and a natural and proximate result of the breach of a warranty of quality.

3. NEW TRIALS—*Will Not Be Awarded for Cumulative Evidence.*—A new trial will not be awarded for cumulative evidence.

4. PRACTICE—*When a Bill of Particulars May Be Demanded.*—In an action for a breach of warranty of sheep as sound, but which claimed to be diseased, w.iere the declaration fails to name the disease with which they were claimed to be affected, the defendant might have had a discovery thereof by a bill of particulars before the trial, had he demanded it.

Assumpsit, on a breach of warranty of personal property. Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCH-

ARD, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed April 11, 1902.

ARTHUR H. SHAY, attorney for appellant.

BUTTERS & CARR, attorneys for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This is an action brought against Daniel Heenan by Samuel B. Redmen and Frank King to recover for a breach of warranty of sheep alleged to have been sold by Heenan to said plaintiffs and Burton C. Mackey, who died before the suit was brought. The declaration contained several counts, charging that said three parties bought 131 sheep from defendant for a certain price, which the purchasers paid, and that defendant warranted that said sheep were sound and healthy, and free from disease of every kind and nature, whereas said sheep were then unhealthy, unsound and diseased, whereby they became of no use and value to the purchasers, and plaintiffs were put to great charges and expenses in and about taking care of, yarding and doctoring said sheep, and some of them died of said disease. Defendant pleaded the general issue. Upon a trial plaintiffs had a verdict for $400. They remitted $100. The court denied a motion for a new trial, and entered judgment in favor of plaintiffs for $300, from which defendant prosecutes this appeal.

It was sharply disputed at the trial whether said three parties bought said sheep jointly, or each severally bought a certain number of sheep for himself at the same time; whether defendant did or did not warrant the sheep to be sound and free from disease; whether the sheep were ill and died of the scab and were infected therewith when bought of defendant, or were ill and died of overfeeding and improper care by the purchaser; whether, if they had the scab, they were properly treated by the purchasers; and how much plaintiffs were damaged. The evidence would have supported a verdict either way upon these conflicting questions of fact, and we can not say the jury erred in the

conclusion they reached.   Plaintiffs and Mackey paid
§642.67 for the sheep and the loss exceeded the amount of
the judgment.

Ordinarily the measure of damages in case of a breach of
a warranty of quality of personal property sold and deliv-
ered is the difference of value between the article as deliv-
ered and the article as warranted.   To this, however, may
be added such special damages as are the natural and
proximate consequence of the breach.   (2 Benjamin on
Sales, Sec. 1306, 1358;  Phelan v. Andrews, 52 Ill. 486;
Hodgman v. S. L. & S. R. R. Co., 45 Ill. App. 395.)   When,
shortly after the delivery of the sheep, plaintiffs discovered
they were infected with the disease known as scab, they
were not required to immediately sell them upon the market,
first, because they were not bought for that purpose, but to
be kept for breeding purposes and the raising of wool upon
plaintiff's farms;  second, because we think it clear from the
proof they could not be sold to any one who knew their
condition for any honest purpose, except perhaps for some
nominal sum or for the value of the wool on their backs;
and third, because there were reasonable hopes they might
be cured.   The care of the diseased sheep and the effort to
cure them was a reasonable and legitimate expense, a nat-
ural and proximate result of the breach of the warranty.
The evidence offered by plaintiff on this subject was
competent.   Crabtree v. Kile, 21 Ill. 180; Long v. Clapp,
15 Neb. 417; 1 Sutherland on Damages, Sec. 88.

It is argued the court erred in refusing to admit in evi-
dence a book offered by defendant, containing various
items of figures, concerning the weight, price and amounts
of the sale of these sheep.   Part of the figures were in ink,
and the others in pencil.   Defendant testified he made
those in ink in the presence of plaintiffs, and that he did
not know when or by whom the figures in pencil were
made.   The offer was of all the entries, including those in
pencil, and there is no proof to make the latter competent.
The figures were of facts testified to by Heenan and not
denied by plaintiffs.   They showed the sheep and prices

divided into three lots. Plaintiffs did not deny this, but themselves offered the three notes given for the price of the sheep, each due at the same date, and each signed by all the purchasers, but in a different order. So far as these facts tended to show there were three sales, one to each separate buyer, defendant had the full advantage of all the facts. We find no error in the rulings upon the evidence.

The only argument on the instructions is that the court erred in not giving the twelfth offered by defendant. We think it incorrect. So far as it contained a proper proposition it was embodied in the tenth given for defendant, which was itself too favorable to defendant.

It is argued defendant was entitled to a new trial because of the newly discovered testimony of George W. Pile to facts tending to show that these sheep were not affected with scab in the hands of these purchasers. That was a sharply contested question at the trial, and this but cumulative testimony for which a new trial will not be awarded. But it is said that Heenan did not know until the trial of what disease plaintiffs would claim the sheep died, and he so stated in his affidavit on motion for a new trial, and it is argued he was taken by surprise by the introduction of such testimony. The declaration did not name the disease, but defendant could have had a discovery thereof by a bill of particulars before the trial, if he had desired. The proof shows some of Heenan's sheep had had the scab the fall before, and that he had had his entire flock treated for that disease before this sale was made. Heenan testified he did not warrant the sheep free from disease, and would not have done so if it had been required; and that he told the purchasers how to treat them if scab should develop among them. We think it evident defendant was not taken by surprise by plaintiff's claim that the sheep were affected by scab.

The judgment is affirmed.