# United States Aluminum Co., a Corporation, Defendant in Error, v. Armac Motor Co., a Corporation, Plaintiff in Error.

## Gen. No. 15,751.

SALES—*what implied in general executory order for merchandise.* Where the contract of the parties is executory and provides for the manufacture and sale of such merchandise of a particular kind as the vendee shall order during a particular period, it implies an obligation that the manufactured articles shall be made of sound material, be of good workmanship, and that they shall be according to the pattern; further,

that the purchaser shall have reasonable time and opportunity to inspect the articles. Only a reasonable time, however, is given by the law in which to make such inspection, and in the absence of fraud an acceptance of an article sold upon such a contract, after an opportunity to inspect the same and after its condition is fully known to the vendee, is an assent and agreement that the quality of the article is satisfactory and that it is according to the contract, and bars all claim for compensation for defects.

Error to the Municipal Court of Chicago; the HON. ROBERT H. SCOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Affirmed. Opinion filed October 4, 1911.

**Statement by the Court.** This was an action by defendant in error against the plaintiff in error as purchaser, to recover a balance on account for aluminum crank cases alleged to have been made and delivered. Pleas of the general issue and notice of set-off for defective aluminum crank cases and for expenditures occasioned by defendant in error's failure to observe its contract to deliver good crank cases, were filed by the plaintiff in error. The trial court heard the cause without a jury and rendered judgment for said balance of $205.94. Plaintiff in error brings the case here on error.

The material facts are that in the fall of 1907, the Chicago salesman of the defendant in error called on the president of the plaintiff in error, soliciting orders for aluminum castings. No orders were given at that time, but prices were agreed on for the delivery of castings that should be ordered in the year 1908, to be made by certain patterns to be furnished, and for use on motor cycles to be manufactured, by the plaintiff in error. In the early part of 1908, two orders were received by defendant in error, which were delivered by it and paid for by plaintiff in error. On June 11, 1908, another order was given, duly shipped by defendant in error, and payments were made to it thereon by the plaintiff in error. The balance sued for was the unpaid portion of that last order, including some other small

items for express charges, boxes, repairs on patterns, etc. Plaintiff in error after these orders were delivered to it complained to the agent of defendant in error that twenty of the castings were worthless and not according to the contract. Others of the castings were claimed by the plaintiff in error to be defective and to have latent defects that were not discovered until after it had polished and machined them and fitted the engine and gears therein and filled the cases with oil, when it was found that the oil leaked through the fine holes in the material and necessitated soldering them before they could be used. The agent of the defendant in error visited the plant of the plaintiff in error as many as two times or more to inspect the castings complained of, and agreed with the purchaser that some of the castings were defective, and that his company would give credit for them if returned to it. Some of them were returned and credit given for them. After this credit was given, plaintiff in error retained all other castings now claimed to be defective, appropriated all, or most of them, to its use, and, without further complaint or claim for damages until after suit was brought, and with full knowledge of all the alleged defects, agreed repeatedly to pay the full amount of the account.

THORNTON & CHANCELLOR, for plaintiff in error.

ELBERT C. FERGUSON, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

The contract of the parties to this suit made in the fall of 1907, was an executory contract for the manufacture and sale by the defendant in error of so many of said castings as the plaintiff in error should order during the year 1908; and that for such castings so delivered plaintiff in error would pay the price then

named, fifty cents per pound. Such a contract by a manufacturer carries with it an implied obligation that the manufactured articles shall be made of sound material, of good workmanship, and that they shall be according to the pattern. The H. & S. Mfg. Co. v. Saile, 45 Ill. App. 562; Beers v. Williams, 16 Ill. 69; Archdale v. Moore, 19 Ill. 565; Gaylord Mfg. Co. v. Allen, 53 N. Y. 515.

In such a contract it is also implied that the purchaser shall have reasonable time and opportunity to inspect the articles. Only a reasonable time, however, is given by the law in which to make such inspection. In the absence of fraud an acceptance of the article sold upon such a contract, after an opportunity to inspect the articles, and after its condition is fully known to the purchaser, is an assent and agreement that the qualities of the articles are satisfactory and that they are according to the contract, and bars all claims for compensation for defects in such articles. Eureka C. S. Co. v. Morden F. and C. Works, 23 Ill. App. 591; Barker v. Turnbull, 51 Ill. App. 226; Gaylord Mfg. Co. v. Allen, 53 N. Y. 515; Studer v. Bleistein, 115 N. Y. 316.

There is no evidence of fraud or of an express warranty in this case that renders the foregoing well-recognized principles inapplicable. The evidence clearly shows that most, if not all, of the defective castings in this case were paid for before this suit was brought; that itemized statements of this very bill sued for were mailed to plaintiff in error monthly from June to November, 1908; and that the defects were known to plaintiff in error within one month after the castings were all received by it in July, 1908. The letters from plaintiff in error to defendant in error, and its agent, which according to the evidence of Mr. Hartenstein, president of the plaintiff in error, were written August 25th, September 14th, and October 22d, 1908, after knowledge of all defects complained of, placed the acknowledged dilatoriness in paying for those castings upon its inabil-

ity to pay the bills more promptly.    In the September letter plaintiff in error said: "We shall make an earnest effort to clean this account up at an early date." In its October letter it said: "We are shipping considerable goods to the coast country, business from that section steadily increasing, and we have recently made a large shipment to our California agent, which we will realize on about the 8th of the coming month, and we will at that time send you a remittance provided the proposition for more capital does not materialize in the meantime."    No further complaint or claim was during that time made, either to the defendant in error or to its agent, about damages or defects concerning the castings.    After this suit was brought, November 27, 1908, the present claim for defects and damages was made.    Just prior to the suit it was the deliberate judgment of the plaintiff in error that it owed this bill and ought to pay it, and it promised so to do, well knowing all the facts.    We are now asked to reverse that judgment, and also the judgment of the lower court in concurring in said judgment.    We think that the said acts and the conclusion of the plaintiff in error as to the justness of the claim of the defendant in error at those times are very strong evidence against the former, and that the judgment of the lower court is right and proper.    The particular items of the account objected to here by plaintiff in error were properly allowed by the court.    The repairs to the patterns were made at the request of the plaintiff in error, and all of said charges were also recognized as proper items of charge by the plaintiff in error by its repeated promises to pay the same when presented to it in the monthly statements.    No evidence appears in the record to show that said charges were unwarranted or unreasonable, and it was testified to by the agent of the defendant in error, that the plaintiff in error owed the whole of the account.

The finding of the lower court that the castings

were not manufactured articles was erroneous, as it was a question of law, the facts being uncontroverted. The error, however, was not harmful to. plaintiff in error.    We are of the opinion that substantial justice has been done in this case, and that the judgment should be affirmed.    It is therefore affirmed.

*Affirmed.*