## Victor A. Rossbach, Appellee, v. Tincher Motor Car Company, Appellant.

### Gen. No. 17,072.

1. DAMAGES—*breach of guaranty on automobile.* In an action for breach of a guaranty contained in the contract of sale of an automobile to supply any part shown to be defective when returned to defendant, where plaintiff returned the entire car claiming it "failed utterly to fulfill the purpose for which it was sold," and seeks to recover on the theory that the guaranty was breached when he returned the car to defendant who failed to make it run properly, an instruction that the measure of damages was the difference between the actual value of the car at the time of said breach and what the value of the car would have been if the car had been made to run properly, plus the expenses incurred by plaintiff on account of defendant's failure to replace any defective parts, is erroneous, since it broadens a particular and limited guaranty into a general warranty of the fitness of the car.

2. DAMAGES—*breach of guaranty to replace defective parts of automobile.* The proper measure of damages for breach of guaranty to supply without charge any part of an automobile that is shown to be defective, is the cost of supplying such defective parts plus the loss or damage shown to be the natural and proximate result of the breach.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM H. HINEBAUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed April 3, 1913.

ALFRED E. BARR and B. F. RICHOLSON, for appellant.

WILLIAM SHERMAN CARSON, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is an appeal from a judgment of $4,000 against the appellant for a breach of guaranty contained in the contract of sale of an automobile purchased by appellee.

As there must be another trial, we refrain from any extended statement of the evidence. The guaranty which is the basis of the suit is as follows:

### "GUARANTEE.

"All cars of the Tincher Motor Car Company are sold under the guarantee that the company will supply without charge any part of the car that is shown to be defective in material or workmanship within three years from date of original sale, when such part is returned to the Tincher Motor Car Company, prepaid, for their inspection. This guarantee does not apply to tires, nor to damage resulting from accident, misuse, or neglect."

The question before us concerns the proper measure of damages where this guaranty has been breached.

Appellee paid $6,500 for his car. There was considerable testimony showing that almost immediately after the purchase he experienced much trouble in running it. Appellant claims that these troubles were caused by the incompetency of appellee, who himself ran the car, and that the troubles did not appear under the management of a competent chauffeur. For the purposes of this opinion we may assume that the jury was justified in concluding that there was something wrong with the car. By the terms of the guaranty appellant promised to "supply without charge any part of the car that is shown to be defective in material or workmanship within three years from date of original sale, when such part is returned to the Tincher Motor Car Company, prepaid, for their inspection."

It was not the theory of appellee upon the trial that any particular part of the car had been returned to appellant for its inspection, and had been shown to be defective in material or workmanship, but that the

car "failed utterly to fulfill the purpose for which it was sold" (appellee's brief), and the guaranty was breached when appellee returned the entire car to appellant, who failed to make it run properly. Hence appellee claimed, and the jury was so instructed, that the measure of damages under such circumstances was the difference between the actual value of the car at the time of said breach and what the value would have been if the car had been made to run properly, plus the costs and expenses incurred by appellee on account of appellant's failure to replace any defective parts. Following this theory, appellee's testimony was that at the time of the alleged breach, the value of the car, as it would have been if running properly, was the purchase price, $6,500, but that in fact it was then worth only $700, being merely its value as parts, leaving damages to appellee of $5,800; also that he had expended $500 for overhauling and replacement, making a total damage of $6,300.

This is an incorrect view of the measure of damages. The instruction of the court broadened a particular and limited guaranty into a general warranty of the fitness of the car. This was a misconception of the import of the terms of the guaranty. (Ford Motor Co. v. Osburn, 140 Ill. App. 633). The proper measure of damages under such a guaranty is the cost of supplying such defective parts, if any, plus the loss or damage, if any, which can be shown to have been the natural and proximate result to the purchaser from the failure, if any, of the seller to supply such parts without charge. (Phelan v. Andrews, 52 Ill. 486).

For the reason above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*